ELECTRONICALLY FILED
Oct 02 2023
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DUSTIN RICHARDSON,

      Plaintiff,

v.                                            Civil Action Number: 5:23-CV-312

PRIMECARE MEDICAL OF WEST
VIRGINIA, INC., NURSE DESTINY DRAKE,
BRAXTON COUNTY MEMORIAL HOSPITAL,
WILLIAM GIVEN, M.D. and JOHN/JANE DOES,

      Defendants.

Bailey
Mazzone
Prince

## COMPLAINT

Comes now the Plaintiff, Dustin Richardson, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1. Plaintiff, Dustin Richardson (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Central Regional Jail. Plaintiff suffered a spider bite in October 2021. The Central Regional Jail operates under the authority of the West Virginia Department of Corrections and Rehabilitation (hereinafter "WVDOCR"). Mr. Richardson is not incarcerated at the time this complaint is filed.

2. Defendant, PrimeCare Medical of West Virginia, Inc. (hereinafter "PrimeCare") is a health service business that contracted with the WVDOCR to provide such services. Defendant PrimeCare was responsible for providing proper and adequate care to the plaintiff. Defendant was at all times acting under the color of state law. Defendant Nurse Destiny Drake was employed by Defendant PrimeCare. Defendant PrimeCare through Defendant Drake was fully aware that plaintiff was suffering a serious infection. Plaintiff informed Nurse Drake that he could not place any weight on his leg and that it was swollen from a spider bite. Plaintiff was also vomiting. When informed of his symptoms and hearing plaintiff's plea for medical

treatment, Defendant Drake dismissed his pleas and told him that he could not receive treatment. Plaintiff languished for days as his condition worsened.  Only after intervention by COs Laser and Chewning did PrimeCare authorize plaintiff's transfer to Braxton County Memorial Hospital (hereinafter "BCMH").  On October 4 and 5, 2021, plaintiff was seen by Dr. William Given at BCMH at which time he was diagnosed with a serious infection.

3. John/Jane Doe were individuals employed by Defendant PrimeCare that were responsible for providing medical services and referrals and who were also aware of plaintiff's spider bite and resulting infection/sepsis.  Defendant Does were at all times acting under the color of state law.

4. The deliberately indifferent conduct of the defendants PrimeCare, Drake and Does directly resulted in plaintiff not being provided timely medical care for his septic leg. Plaintiff suffered severe pain, surgical intervention and loss of use and continues to suffer pain and loss of use.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

## ADDITIONAL BACKGROUND

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. At all times relevant herein, Plaintiff was an inmate at the Central Regional Jail.

8. As an inmate of the Central Regional Jail, Plaintiff was entitled to medical care for his septic leg.

9. During Plaintiff's incarceration, Defendants and PrimeCare, by and through its officers, agents and employees, willfully and knowingly ignored plaintiff's septic leg.  Despite said knowledge, defendants failed to follow the most basic and rudimentary intervention of having plaintiff referred to and seen by a physician.  Allowing plaintiff to suffer an ongoing

infection caused plaintiff to suffer serious chronic pain to his leg as well as requiring surgical intervention. Moreover, defendants knew that plaintiff's condition was one that presented a risk of serious/permanent disability or death, as well as a condition for which lack of treatment would cause severe pain. Plaintiff is asserting a deliberate indifference claim as well as a medical negligence claim against the defendants in the alternative. Plaintiff is not asserting a §1983 action against the hospital or doctor.

## COUNT I
## VIOLATIONS OF THE UNITED STATES CONSTITUTION
## DELIBERATE INDIFFERENCE
## (42 U.S.C. §1983)

10. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 9 as if set fully for herein.

11. Defendants, PrimeCare, Drake and Does, while acting under the color of state law, violated Plaintiff's constitutional rights through deliberate indifference to his safety, personal and medical needs, thereby resulting in plaintiff being subjected to a septic leg that went without timely treatment or proper evaluation. The conduct of defendants is part of a pattern and practice of withholding timely medical treatment when the treatment must be provided by an outside physician or hospital. Moreover, defendants are guilty of custom or policy of ignoring medical conditions suffered by inmates that require treatment outside of the jail.

12. The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment/Fourteenth Amendments to the United States Constitution. Such conduct is actionable pursuant to 42 United States Code § 1983.

13. The actions of Defendants were not taken in good faith and were in violation of plaintiff's constitutional rights. Defendants would have known that their conduct was a violation of plaintiff's constitutional rights as a result of legal precedent and their training.

14. Defendants violated Plaintiff's constitutional rights as a prisoner in WVDOCR custody under the Eighth/Fourteenth Amendments to the United States Constitution as described and identified herein, by carrying out a policy or custom of withholding outside medical care or treatment or any medical care for plaintiff's septic leg. Defendants are routinely and have a history of following a policy or custom of not providing timely treatment. Upon information and belief, Defendants only took action to refer plaintiff to the hospital after complaints were made by the COs that witnessed plaintiff's condition.

15. Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law.

## COUNT II
## VICARIOUS LIABILITY/DIRECT LIABILITY

16. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 15 as if set forth herein.

17. Defendant PrimeCare is vicariously liable for the conduct of its employees, Drake and Does, under the doctrine of respondeat superior, as the individuals were acting within the scope of their employment and at the time the inappropriate acts described herein occurred. Moreover, Defendant PrimeCare has a pattern and practice of withholding treatment required at outside hospitals. This custom or policy is pervasive and resulted in plaintiff not receiving timely treatment.

18. As such, plaintiff is entitled to recover damages from the Defendant PrimeCare.

## COUNT III – MEDICAL NEGLIGENCE

19. Plaintiff does not reassert the previous paragraphs set forth herein.

20. Plaintiff, Dustin Richardson (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Central Regional Jail (hereinafter, "Central"), where

he was subject to receiving medical care from PrimeCare Medical of West Virginia. Plaintiff is no longer incarcerated. Plaintiff is seeking damages from the Defendants up to an amount commensurate with the amount of insurance coverage, if applicable, to Plaintiff's claims made herein. The claims herein meet or exceed the financial amounts necessary for federal jurisdiction.

21. Defendant, PrimeCare Medical of West Virginia (hereinafter "PrimeCare") is a health service business that contracted with the WVDOCR to provide health services. Defendant is a corporation that did business throughout the State of West Virginia, including, but not limited to, Charleston, Kanawha County, West Virginia. Defendant PrimeCare was responsible for providing proper and adequate care to the plaintiff. Defendants Drake and Does were employed by Defendant PrimeCare who were aware of plaintiff's sepsis and serious medical condition and who were responsible for obtaining referral and/or approval for treatment by a physician or referral to an outside physician or hospital. Upon information and belief, the individuals responsible for granting approval are located in Pennsylvania. Despite this knowledge, defendants failed to have plaintiff seen by a physician or other specialized medical provider as required by the applicable standard of medical care.

22. Defendant Destiny Drake and John/Jane Does were individuals employed by Defendant PrimeCare that were also responsible for providing and/or approving medical services and referrals and who were aware of Plaintiff's septic condition. These Defendants breached the applicable medical standard of care by refusing to have plaintiff seen or evaluated by a doctor. Plaintiff was not referred or transported to the hospital until his condition became critical and only after receiving complaints by the COs.

23. Defendants had knowledge of Plaintiff's serious medical needs and actual

knowledge that Plaintiff could not place weight on his leg and that he was vomiting. On or about October 4, 2021, COs intervened and demanded that plaintiff be sent to a local hospital. He was subsequently referred to Braxton Memorial for evaluation. Defendants Drake and Does were medical providers that knowingly refused to follow the applicable standard of care by refusing to timely refer plaintiff to a doctor or ER. Defendants' breach of the standard of care resulted in plaintiff suffering severe sepsis that resulted in a long hospital stay and serious surgical intervention. See Exhibit A.

24. Plaintiff had repeatedly complained to defendant Drake about his leg pain. Drake responded by stating plaintiff would not be seen in medical. The negligent acts and omissions of the Defendants directly resulted in Plaintiff suffering prolonged and severe pain that ultimately required emergency surgery.

25. Plaintiff asserts the following claims for medical negligence in the alternative to plaintiff's claims for deliberate indifference to serious medical need set forth in Count I.

26. Defendants are medical providers that are charged with providing the applicable standard of medical care. Defendants breached the standard of medical care when they repeatedly failed to refer plaintiff timely to a doctor or the Emergency Room for the proper care.

27. The breach of standard of care resulted in plaintiff suffering prolonged serious leg pain and emergency surgery that required multiple days of hospitalization. The surgery resulted in serious surgery. Moreover, the breach resulted in plaintiff incurring substantial medical bills and expenses.

## COUNT IV - VICARIOUS LIABILITY

28. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 19 through 27 as if fully set forth herein.

29. Defendant PrimeCare is vicariously liable for the negligent conduct of its employees under the doctrine of *respondeat superior*, as the individuals were acting within the scope of their employment and at the time the negligent acts described herein occurred. Moreover, Defendant PrimeCare was responsible for ensuring compliance with the proper standard of medical care and the treatment.

30. As such, plaintiff is entitled to recover damages from the Defendant PrimeCare under the theory of vicarious liability for the negligent conducts of its employees.

### COUNT V – MEDICAL NEGLIGENCE

31. Plaintiff does not reassert or reallege the allegations previously set forth herein.

32. Plaintiff Dustin Richardson was incarcerated at the Central Regional Jail where he received a spider bite. Plaintiff did not receive any medical care prior to being transferred to Braxton County Memorial Hospital (hereinafter "BCMH") on October 4, 2021.

33. Defendant BCMH employed Dr. William Douglas Given, M.D. as a physician. Dr. Given evaluated plaintiff on October 4, 2021 and discharged plaintiff back to the Central Regional Jail prematurely on October 5, 2021.

34. Plaintiff was returned to the BCMH on October 6, 2021 and subsequently transferred to Ruby/WVU because his condition had further deteriorated.

35. Defendants Given and BCMH are healthcare providers that are required to provide medical care that meets the applicable standard of care.

36. Defendants in this matter breached the applicable standard of care when they prematurely discharged plaintiff back to the Central Regional Jail. Plaintiff's condition was not stabilized at the time of discharge.

37. The applicable standard of care required that plaintiff' condition be monitored or

that he be transferred to a facility equipped to handle his condition.  Defendants were negligent when they breached these standards of care by discharging plaintiff prematurely.

38.     Defendants' negligence was a proximate cause of plaintiff's deteriorating condition and subsequent need for surgical intervention and a lengthy hospitalization.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

DUSTIN RICHARDSON,
By Counsel,

/s/ Paul M. Stroebel
Paul M. Stroebel, Esquire (WV BAR 5758)
Attorney for Plaintiff
Stroebel & Stroebel, P.L.L.C.
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail:  paulstroeb@aol.com